```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION


IN RE:

SHARON ANN THORPE                                    CASE NO. 10-52156

DEBTOR
```

## MEMORANDUM OPINION AND ORDER

These matters are before the Court following a hearing held on January 6, 2011 on Debtor's Objection to Proof of Claim [DOC 38] and Green Tree Servicing, LLC's ("Green Tree") Motion for Relief from Stay [DOC 41]. The parties submitted post-hearing memoranda and this matter is ripe for decision [DOC 51].

The Court holds that the Debtor's contractual and possessory interest in the subject mobile home is property of the estate, however, the Debtor may not cram down Green Tree's lien.

Facts. The facts are not in dispute.

On November 8, 2008, Debtor Thorpe entered into a "Rental Agreement with the Option to Purchase" ("Agreement") [see DOC 41 Part 5 pages 4-6] with Charlie Fugate relating to a 1996 Fleetwood Reflections Limited Mobile Home. The Agreement provides that Debtor is the "Tenant," Fugate is the "Landlord" and Debtor is to pay $425.00 monthly "until the property is paid in full." The Agreement discloses that the mobile home secures Fugate's loan from Green Tree, with a pay off of $29,078.02 as of October 21, 2008 and that the Green Tree monthly payments are $308.49. The Agreement provides that once the Green Tree loan is paid in full, Fugate will transfer title to the Debtor.

On February 18, 2010, Fugate and his wife Tammy, filed a chapter

13 bankruptcy in this district, case number 10-50491. Fugates' Schedule D listed Green Tree as a secured creditor holding a lien on the mobile home. The Agreement was not disclosed in the Fugates' petition, nor was this Debtor (Thorpe) listed as a creditor. Fugates' Schedule G did not list any executory contract or unexpired lease, nor did their Schedule I list any income from leasing the mobile home.

The Fugates chapter 13 plan provided for the surrender of the mobile home to Green Tree. The plan did not assume any leases or executory contracts, and deemed all leases and executory contracts rejected.

On March 23, 2010, Green Tree was granted relief from stay and co-debtor stay on the mobile home in the Fugates' case. On May 17, 2010, the within Debtor filed a motion to set aside the stay relief order in the Fugates' case which was overruled by order entered June 7, 2010.

On July 7, 2010, Debtor Thorpe filed this chapter 13 bankruptcy. Her Schedule B lists the "1996 Fleetwood Reflections Unlimited Mobile Home" as personal property. Schedule D lists both Fugate and Green Tree as secured creditors on the mobile home. Schedule G lists no executory contracts or unexpired leases. Schedule J shows $125.00 expended monthly on rent or home mortgage.

On the same day, Thorpe filed her chapter 13 plan. The plan proposed to cram down Fugate's estimated $21,800.00 secured claim to $9,041.05 (the value of the mobile home). The plan stated "Green Tree holds a lien on the mobile home. Possibly is a creditor for debtor Charlie Fugate who has a land contract with Ms. Sharon Thorpe." [DOC 2, Section II (2)]. The plan did not assume any leases or executory

2

contracts, and deemed all leases and executory contracts rejected.

A month later, on August 10, 2010, the Fugates' Second Amended Chapter 13 Plan was confirmed in their case. The confirmed plan still provided for the surrender of the mobile home to Green Tree, and deemed all leases and executory contracts rejected.

On November 15, 2010, Green Tree filed a proof of claim [Claim 2-1] in this case asserting a claim in the amount of $32,646.98 for "money loaned" secured by the mobile home. On November 18, 2010, Debtor Thorpe filed an Objection to Green Tree's Proof of Claim arguing that the value of the collateral is $9,041.05, thus the claim should be treated as secured to the extent of $9,041.05 with the remaining claim treated as unsecured [DOC 38]. Green Tree's opposition to the claim objection argues, in part, that the claim objection is "moot" because the Debtor is attempting to cram down on property that she doesn't own.

Green Tree also filed a Motion for Relief from Stay and Co-Debtor Stay in this case seeking authority to enforce its lien in the mobile home which Debtor Thorpe opposes.

<u>Conclusions of Law</u>.  Section 541 of the Bankruptcy Code states that the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case, subject to certain exceptions not applicable here. "Every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." <u>Matter of Yonikus</u>, 996 F.2d 866, 869 (7th Cir. 1993) *citing* <u>In re Anderson</u>, 128 B.R. 850, 853 (D.R.I. 1991). A possessory interest is within the scope of the estate in Section 541. *See* <u>In re Convenient Food Mart No. 144, Inc.</u>, 968 F.2d

592, 594 (6th Cir. 1992). A debtor's interest in property includes a possessory interest and a leasehold interest. 5 COLLIER ON BANKRUPTCY at ¶ 541.03((16th ed.). Here, Debtor Thorpe has a contractual and possessory interest in the mobile home pursuant to her Agreement with Fugate. Thus, her interest in the mobile home is property of her bankruptcy estate.

However, as reviewed above, Debtor Thorpe has no privity of contract with Green Tree, Green Tree is not owed money by Thorpe. Notwithstanding that her interest in the mobile home is property of her estate, she has not provided any legal authority suggesting that this means she can cram down Green Tree's lien.  Any attempt by Debtor to cram down Fugate's claim is likewise misplaced as the Agreement on which Fugate's claim is based, an agreement to lease/sell a mobile home, is executory and subject to the provisions of 11 U.S.C. Section 365, which requires a cure of any arrearage and payment in full of the contract as a condition to assumption. See generally 11 U.S.C. § 365(b).[1] Debtor's Objection to Proof of Claim [DOC 38] is hereby OVERRULED to the extent Debtor is attempting to bifurcate Green Tree's claim into a secured/unsecured claim.

Green Tree's Motion to Modify Stay and memorandum in support [DOC 41, 52] is predicated on two grounds: (1) that the mobile home is not property of the estate and (2) if the mobile home is property of the estate, Green Tree's lien cannot be crammed down.  As discussed above, while the Court agrees that Green Tree's lien cannot be "crammed down", the Debtor's contractual interest in the mobile home is

---

[1]The Court does not address the issue of the priority of Green Tree's lien vis-a-vis Thorpe's lease.

property of her Chapter 13 estate, and may properly be the subject of her Chapter 13 plan. Debtor may amend her plan within 14 days. In the event Debtor fails to timely file an amended plan, Green Tree may tender an order granting its Motion for Relief from Stay [DOC 41]; otherwise Green Tree's Motion is hereby OVERRULED without prejudice.

Copy to:

Richard G. Kenniston, Esq.
Matthew H. Kleinert, Esq.
Beverly M. Burden, Esq.
Charlotte Darlene Johnson, Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, February 16, 2011**
**(tnw)**